UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

ONIX CAPITAL S.A.,                                    Case No.: 16-26082-LMI
                                                      Chapter 15
    Debtor in a Foreign Proceeding.
_____/

**NOTICE OF EXAMINATION PURSUANT TO FEDERAL RULES
OF BANKRUPTCY PROCEDURE 2004 AND NOTICE OF SUBPOENA**

    Carlos Parada Abate, as Foreign Representative of Onix Capital S.A. ("Debtor"), by the undersigned attorney, will examine **UBER TECHNOLOGIES, INC.,** on **Friday, May 5th, 2017** at **9:00 A.M.** at **1001 Brickell Bay Drive, 9th Floor, Miami, Florida 33131**. The examination may continue from day to day until completed. If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

    The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be recorded by stenographer. The scope of the examination shall be as described in Bankruptcy Rule 2004.

    Pursuant to Local Rule 2004-1 no order shall be necessary, and the Subpoena for Rule 2004 Examination is attached to this Notice.

[√] Production: The examinee or your representatives, must also bring with you to the examination the documents, electronically stored information, or objects described on the attached Subpoena for Rule 2004 Examination, and must permit inspection, copying, testing, or sampling of the materials.

I CERTIFY that a true copy of this notice was filed with the Court and served on the examinee via hand delivery, and served on all parties that receive notifications via the CM/ECF System and Via US Mail as indicated on the service list below.

Dated: April 12, 2017

Respectfully submitted,

SEQUOR LAW, P.A. f/k/a/
ASTIGARRAGA DAVIS
MULLINS GROSSMAN, P.A.
*Attorneys for Foreign Representative*
1001 Brickell Bay Drive, 9th Floor
Miami, Florida  33131
Phone:  (305) 372-8282
Facsimile:  (305) 372-8202

By:    */s/ Arnoldo B. Lacayo*
Arnoldo B. Lacayo
Fla. Bar No. 675482
alacayo@sequorlaw.com


# SERVICE LIST

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Edward H. Davis     edavis@astidavis.com, tcrockett@astidavis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case and will be sent via US Mail.

Miami Dade County Tax Collector (Windley)
200 NW 2 Ave #430
Miami, FL 33128

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

ONIX CAPITAL S.A.,                                              Case No.: 16-26082-LMI
                                                                                Chapter 15
      Debtor in a Foreign Proceeding.
_____/

## SUBPOENA *DUCES TECUM* FOR RULE 2004 EXAMINATION

**To:**   **UBER TECHNOLOGIES, INC.**
      c/o Registered Agent
      C T Corporation System
      1200 South Pine Island Road
      Plantation, Florida 33324

√ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| 1001 Brickell Bay Dr., 9th Floor<br>Miami, Florida 33131 | **Friday, May 5, 2017**<br>**at 10:00 am** |

The deposition will be recorded by this method: Court reporter/stenographer

√ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Schedule Attached.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 12, 2017                       */s/Arnoldo B. Lacayo*
                                            Arnoldo B. Lacayo, attorney for Foreign Representative
                                            1001 Brickell Bay Dr., 9th Floor, Miami Florida 33131
                                            alacayo@sequorlaw.com; tel. (305)372-8282

**Notice to the person who issues or requests this subpoena**

     If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

    I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐    I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____on *(date)* _____ ; or

☐    I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                          *Server's signature*

*Printed name and title*

                                                          *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial- preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**For access to subpoena materials,** see Fed. R. Civ. P. 45(a) Committee Note (2013)
- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them

## SCHEDULE 1

## **DEFINITIONS**

As used in this request, the following words shall have the following meanings:

1. "You," "Your," or "Uber" means Uber Technologies, Inc., together with its parent company(ies), subsidiaries, affiliates, employees, executives, managers, agents acting within the scope of such agency, and any other entity or person over which You may have custody, control, or hold any position relating to same. Agents include but are not limited to employees, consultants, brokers, attorneys, family members, representatives and any other person acting on Your behalf.

2. "Debtor" means Onix Capital, S.A. and/or any of its representatives.

3. "Related Parties" refers to the following individuals and/or legal entities:

   a) SherpaCapital Partners UB II, LLC

   b) Alberto Chang Rajii;

   c) Onix Capital, S.A;

   d) Onix Capital, LLC;

   e) Grupo Arcano, Inc.;

   f) Grupo Arcano, S.A;

   g) G Private Investments, Inc;

   h) G Personal Portfolio, Inc;

   i) Green Gas, LLC;

   j) Deep Ocean LLC;

   k) Next Cab Ventures, LLC;

   l) Next Call Ventures, LLC;

   m) Next Chat Ventures, LLC;

   n) Next Pay Ventures, LLC;

   o) Next U Ventures, LLC;

   p) Next Track Ventures, LLC;

   q) Progressive Power, LLC;

   r) Veronica Rajii Krebs

1

4. The terms "documents" or "documentation" mean any written, typed, printed, recorded material or electronically stored information, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, records, data compilations, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), electronic mail (sent or received), telegrams, telexes, messages (including but not limited to reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including but not limited to inter- and intra-office communications and electronic mail communications), questionnaires, contracts, memoranda, agreements, assignments, licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data processing cards, computer-generated matter, photographs, photographic negatives, phonograph records, tape recordings, wire recordings, other mechanical recordings, transcripts or logs of any such recordings, all other data compilations from which information can be obtained or translated if necessary, and any other tangible thing of a similar nature.

5. "Person" means natural person(s), corporation(s), association(s), partnership(s), sole proprietorship(s) or public entity(ies).

6. The term "communication(s)" means any oral, written or electronically stored information which constitutes a transmission of information, including, but not limited to, correspondence, e-mail (sent and received), conversations, dialogue, meetings, discussions, interviews, telephone calls, voice-messages, consultations, agreements, understandings between or among two or more persons, telegrams, telecopies, telexes, seminars, conferences, messages, notes or memoranda.

7. "Related to" or "relating to" means constitute, regarding, refer to, reflect, mention, evidence, concern, pertain to, arise out of, summarize, analyze, or be logically or factually connected in any way with the matter discussed.

8. The terms "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request for production inclusive rather than exclusive.

9. The term "any" means "all" and vice versa.

10. The singular shall be construed to include the plural, and vice versa, to make the Request inclusive rather than exclusive.

11. "Relevant Period" refers to the period of time between January 1, 2009 and Your response to this Request. Unless otherwise stated, all Requests refer only to the Relevant Period.

12. "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or with an interest in an asset, including payment, gift, grant, alienation, bargain, sale, conveyance, lease, release, creation of lien or encumbrance, assignment, retention of title as a security interest, consignment, and bailments of any kind.

13. The term "including" means including but not limited to.

14. To the extent that no single document exists or is in your possession, custody or control that contains all the information sought in any particular request, you are to provide such other

2

documents in your possession, custody or control that are sufficient to show, compute, compile, or explain all the information sought in the request or as much information as is available.

15.  The documents produced pursuant to this request for production of documents are to be segregated and identified by the number of the request to which the documents are responsive.

16.  These requests shall be deemed continuing so as to require you to reasonably supplement your responsive production if you gain knowledge that your response was incomplete.

## **GENERAL PROVISIONS**

1.  Any document in Your possession or the possession of any individual or corporation over which You have custody or control, including, but not limited to, Your predecessor in interest, family members, agents, corporations, employees and, unless privileged, attorneys is deemed to be within Your possession or control. You have the affirmative duty to contact any third party, including the foregoing, that is within Your custody or control if such third party has documentation responsive to this Subpoena.

2.  In the event You claim that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

   a. the date You believe such document became unavailable, lost, misplaced, or destroyed; and

   b. the reason why such document became misplaced, lost, or destroyed.

3.  In the event that You seek to withhold any document on the basis that it is covered by privilege, please provide the following information:

   a. The name of each author, writer, sender, or initiator of such document or thing, if any;

   b. The name of each recipient, addressee or party for whom such document or thing was intended, if any;

   c. The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

   d. The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

   e. The claimed grounds for withholding the document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

4.  For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the document not claimed to be privileged shall be produced.

5.  If production of documents or other items required by this Request would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact Arnoldo B. Lacayo, the issuer of this Request, to discuss possible amendments or modifications of the Request within five (5) days of receipt of same.

6. Documents maintained in electronic form must be produced in their native electronic form with all metadata intact. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems provide all responsive emails and if applicable, email attachments and any related documents in TIFF format.

    a. To the extent any electronically stored information, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said electronically stored information should be provided in Image (near-paper) format (i.e., .TIFF, or .PDF files) with a corresponding load file utilizing valid field delimiters and text qualifiers containing metadata and optical character recognition (OCR) extracted text for said electronically stored information named with the document identification (DocID) of its corresponding file.

    b. To the extent any electronically stored information is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (DocID) of the corresponding password protected native file.

## **DOCUMENTS REQUESTED**

For the Relevant Period, copies of all of the following Documents regarding the Debtor and/or the Related Parties:

A. All Documents evidencing the purchase of shares in Uber by the Debtor and/or any of the Related Parties.

B. All Documents evidencing the current ownership of the shares identified in subsection (A) above.

C. All Documents evidencing the change in ownership of the shares identified in subsection (A) above, from the time of their purchase through the date of Your response to this subpoena.

D. All Documents, including statements or communications, sent by You to the Debtor and/or any of the Related Parties regarding the value of the shares identified in subsection (A) above.